**UNITED STATES of America, Appellee,**

v.

**Brian Avery SMITH, Defendant–Appellant.**

No. 13–2147.

United States Court of Appeals, Second Circuit.

June 19, 2015.

Herbert L. Greenman, Lipsitz Green Scime Cambria LLP, Buffalo, NY, for Appellant.

Monica Richards (with Joseph J. Karaszewski on the brief) for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: DENNIS JACOBS, REENA RAGGI, GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Brian Avery Smith challenges the reasonableness of the sentence imposed, after a plea agreement entered for violations of his probation, in the United States District Court for the Western District of New York (Arcara, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

By the time of the sentencing hearing on the probation violations, Smith had been incarcerated for 14 months. Smith requested a within-guidelines sentence of between four and ten months. Defense counsel advocated for a guidelines sentence because he hoped that any term of incarceration above that range could be attributed to a future sentence if there was a conviction or guilty plea to other then-pending charges. The government advocated for a sentence at the highest end of the guideline range.

The record is not clear as to whether the court intended to impose an above-guidelines sentence of time served (14 months) or to impose a sentence within the guidelines range. *Compare* Sentencing Tr. at 9:3–10, *United States v. Smith,* No. 11–CR–024 (W.D.N.Y. May 10, 2013) (discussing possibility of consecutive sentence totaling 13 months), *with id.* at 11:21–22 ("I have sentenced to time served, which is within the guidelines range."). And, if the court intended an above-guidelines sentence achieved through consecutive terms, an in-court statement of reasons was required. *See* 18 U.S.C. § 3553(c)(2); *United States v. Lewis,* 424 F.3d 239, 245 (2d Cir.2005).

We therefore remand in accordance with the procedure set forth in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), for the district court to clarify whether it in-

tended to impose an above-guidelines sentence of consecutive terms totaling 14 months, and if so, for a statement of reasons pursuant to 18 U.S.C. § 3553(c)(2). The government does not object to the district court holding a hearing for this purpose.

For the foregoing reasons, we hereby **REMAND** the judgment of the district court for further proceedings consistent with this order.